IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RETAIL PHARMACY MANAGEMENT )
SERVICES, INC., )
 )
    Plaintiff, )
 )
v. )
 )
AMERISOURCEBERGEN DRUG ) Case No. 12-CV-308-JHP
CORPORATION, )
 )
    Defendant. )

## OPINION AND ORDER

Before the Court are Defendant, AmerisourceBergen Drug Corporation's ("ABDC"), Motion to Dismiss [Doc. No. 14] and Brief in Support thereof [Doc. No. 15]; Plaintiff, Retail Pharmacy Management Services, Inc.'s ("RPMS"), Response to ABDC's Motion to Dismiss [Doc. No. 20]; ABDC's Reply to RPMS's Response to ABDC's Motion to Dismiss [Doc. No. 25]; and RPMS's Sur-Reply to ABDC's Reply to RPMS's Response to ABDC's Motion to Dismiss [Doc. No. 29]. After consideration of the briefs, and for the reasons stated below, RPMS's Motion to Dismiss is **DENIED**.

## BACKGROUND

RPMS is a consulting firm that offers business coaching and consulting services to retail pharmacies. On August 1, 2006, RPMS entered into the "RPMS Consulting Services Cooperation Agreement" (the "Agreement") with ABDC, a wholesale distributor of pharmaceutical products. Pursuant to the terms of the Agreement, ABDC was to refer certain potential customers to RPMS, who, in turn, was to provide consulting services to the retail pharmacies referred to it by ABDC. These potential customers were to include both financially-

1

troubled and financially-stable retail pharmacies. With regard to financially-troubled potential customers, the Agreement provided:

> ABDC agrees to promote to certain of its financially-challenged retail customers, it determines in its sole discretion, RPMS's consulting services. RPMS may provide consulting services to such ABDC customer [*sic*] in accordance with the terms of any contractual arrangement between RPMS and such customer.

[Doc. No. 2, Ex. 2 at 9].

RPMS alleges that sometime after the execution of the Agreement ABDC stopped performing its contractual obligation to refer potential customers to RPMS, including, but not limited to, financially-troubled potential customers. Further, following the Agreement's execution, ABDC created and introduced Independent Edge, a business consulting service similar to RPMS, that was to provide business coaching services to retail pharmacies. The Agreement provides that "[e]ither party may terminate this Agreement at any time, with cause, upon 120 days prior written notice to the other party." [*Id.*] However, the Agreement was not terminated by either party and remained in effect until its scheduled expiration on July 31, 2011.

## DISCUSSION

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir.2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* at 679. The question to be decided is "whether the complaint sufficiently alleges facts

supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir.2007) (internal quotation omitted).

The Court declines to convert ABDC's motion to dismiss into a motion for summary judgment. As a general rule, "[a] 12(b)(6) motion must be converted to a motion for summary judgment if 'matters outside the pleadings are presented to and not excluded by the court and all parties are given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'" *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Fed.R.Civ.P. 12(b)). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir.2002)(internal quotations omitted). Accordingly, the only document considered by the Court, other than the complaint itself, is the Agreement, which is referred to in the complaint and is central to RPMS's breach of contract claim. [Doc. No. 2, Ex. 2].

### A. Breach of Contract Claim

In this action, RPMS's alleges a breach of contract claim. ABDC contends that RPMS has failed to sufficiently plead facts that demonstrate a viable breach of contract claim and urges this Court to dismiss RPMS's breach of contract claim pursuant to Fed.R.Civ.P. 12(b)(6). In its motion, ABDC submits two primary grounds for dismissal. First, ABDC asserts that RPMS failed to plead facts sufficient to demonstrate that ABDC had an enforceable duty under the Agreement. Second, ABDC argues that RPMS's breach of contract claim is barred by the statute of limitations. As an initial matter, the Court notes that the Agreement is governed by the laws of the Commonwealth of Pennsylvania.[1] [Doc. No. 2, Ex. 2 at 10]. However, because in this

---

[1] In their briefs, both RPMS and ABDC acknowledge that the Agreement is governed by the law of the Commonwealth of Pennsylvania. [Doc. Nos. 15 at 6, and 20 at 10].

circuit statute of limitations are considered procedural, not substantive, and the parties did not expressly state an intention to include the Pennsylvania statute of limitations into the Agreement's choice of law provision, Oklahoma's Statute of Limitations, 12 Okla. Stat. § 95, applies in the instant case. *See Fed. Deposit Ins. Corp. v. Petersen*, 770 F.2d 141, 142-43 (10th Cir. 1985).

**1. Breach of a Duty Imposed by the Agreement**

To prevail on a breach-of-contract claim under Pennsylvania law a party must prove (1) the existence of a contract, (2) the breach of a duty imposed by that contract and (3) damages. *Williams v. Nationwide Mut. Ins. Co.,* 750 A.2d 881, 884 (Pa.Super.Ct.2000). ABDC argues that under the plain language of the Agreement it had no contractual duty to refer the potential customers it allegedly failed to refer.

With regard to financially-stable potential clients, ABDC asserts that it has no duty under the Agreement to refer this category of clients to RPMS because the Agreement does not mention these potential clients. [Doc. No. 15 at 8]. However, the Agreement does make reference to the Prime Vendor Termination Agreements ("PVTAs"), which RPMS argues impose a duty to refer financially-stable potential clients. [Doc. No. 2, Ex. 2 at 9]. Further, RPMS's complaint states:

> The Consulting Agreement is a valid agreement that is binding on the parties. [ABDC] has breached that Consulting Agreement by failing to promote financially-troubled, as well as other categories of potential pharmacy clients, to RPMS. Instead, [ABDC] reneged on its contractual obligations and also attempted to keep for itself the benefit of providing consulting services to its customer pharmacies….

[Doc. No. 2 at 7]. Therefore, the Court finds that RPMS's complaint contains allegations sufficient to support a breach of contract claim with regard to financially-stable potential clients.

With regard to financially-troubled potential clients, ABDC contends that the plain language of the Agreement gives ABDC sole discretion to determine which clients to refer to RPMS. Section One of the Agreement ("Section One") provides the following:

> ABDC agrees to promote to certain of its financially-challenged retail customers, ***it determines in its sole discretion***, RPMS's consulting services. RPMS may provide consulting services to such ABDC customer [*sic*] in accordance with the terms of any contractual arrangement between RPMS and such customer.

[Doc. No. 2, Ex. 2 at 9] (emphasis added).

Courts construe a clear and unambiguous contract as a matter of law. *Trizechahn Gateway LLC v. Titus,* 601 Pa. 637, 976 A.2d 474, 483 (Pa.2009). On the other hand, where the contract is ambiguous, it is for the finder of fact to ascertain the parties' intent. *Id.* Merely because the parties interpret the contract differently does not mean it is ambiguous. *Espenshade v. Espenshade,* 729 A.2d 1239, 1242 (Pa.Super.Ct.1999). Only where the contract language is capable of being reasonably understood in more than one sense is a contract ambiguous. *Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co.,* 588 Pa. 470, 905 A.2d 462, 468–69 (Pa.2006). Where the alternative meaning is unreasonable, there is no ambiguity. *Murphy v. Duquesne Univ. of the Holy Ghost,* 777 A.2d 418, 430 (Pa.2001).

The parties disagree on the meaning of Section One. Specifically, the parties disagree on what part of Section One the phrase "at its sole discretion" was meant to modify. RPMS interprets Section One as giving ABDC sole discretion to determine whether a potential customer was financially challenged. [Doc. No. 20 at 17]. However, ABDC interprets Section One as vesting ABDC with sole discretion to both determine whether a potential customer was financially challenged and decide whether to refer such customers to RPMS. [Doc. No. 15 at 8]. The Court finds both interpretations to be reasonable, and, therefore, concludes that the contract

may not be interpreted as a matter of law at this time. Accordingly, RPMS's complaint alleges facts sufficient to state a claim for breach of contract.

### 2. Statute of Limitations

ABDC argues that RPMS's breach of contract claim is barred by the applicable statute of limitations. The statute of limitations for breach of a written contract is five years under 12 Okla. Stat. § 95. The statute of limitations begins to run when plaintiff can first maintain an action to a successful conclusion. *McCain v. Combined Commc'n Corp. of Oklahoma, Inc.,* 975 P.2d 865, 867 (Okla.1998); *Moore v. Delivery Serv., Inc.,* 618 P.2d 408, 409 (Okla.Civ.App.1980).

In its complaint, RPMS alleges that "[ABDC] half-heartedly performed under the Consulting Agreement through the end of 2006 and first half of 2007." [Doc. No. 2, Ex. 2 at 6]. ABDC contends that this allegation establishes that RPMS's breach of contract claim could have been first maintained sometime in 2006. If RPMS could have maintained a breach of contract action in 2006, its breach of contract claim would be barred by Oklahoma's five year limitations period because this action was not brought until June 25, 2012. While there is a certain amount of ambiguity associated with *half-hearted* performance of a contract, the Court declines to equate half-hearted performance of a contract to a breach of contract. To be sure, there is a question of fact as to when the Agreement was allegedly breached; however, at this stage in the litigation, RPMS's complaint contains facts sufficient to survive ABDC's motion to dismiss.

### CONCLUSION

For the reasons stated about, ABDC's Motion to Dismiss [Doc. No. 14] is **DENIED.**

IT IS SO ORDERED this 5th day of February, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma